```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X
LISA GRELL,

                Plaintiff,
                                                AMENDED COMPLAINT
        -against-
                                                Plaintiff Demands
THE CITY OF NEW YORK; NEW YORK CITY             Trial By Jury
POLICE DETECTIVE MICHAEL FRIEDMAN,
Shield No. 6423; NEW YORK CITY                  17 Civ. 9917 (GBD)
UNDERCOVER POLICE OFFICER # C0210
("UC#C0210"); NYPD SERGEANT ANDRE
KINSELLA; NYPD SERGEANT (retired)
VICTOR BRUNO, Shield No. 01602;
JOHN DOE #1; JOHN DOE #2;
JOHN DOE #3; JOHN DOE # 4; JOHN DOE
# 5; JOHN DOES; and RICHARD ROES,

                Defendants.
- - - - - - - - - - - - - - - - - - -X
```

**PRELIMINARY STATEMENT**

1.  This is a civil action in which the plaintiff, LISA GRELL, seeks relief for the defendants' violation of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983; by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York.  The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

1

**JURISDICTION**

2.     This action is brought pursuant to the Constitution of the United States, including its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.     The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

**JURY TRIAL DEMANDED**

4.     Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

**VENUE**

5.     Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (b) and (c).

**NOTICE OF CLAIM**

6.     Plaintiff filed a timely Notice of Claim with the

Comptroller of the City of New York on October 4, 2016, within 90 days of the incidents complained of herein.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7.   Plaintiff was at all times relevant herein a resident of the State of New York.  Plaintiff is Latina.

8.   Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9. Defendants FRIEDMAN, UNDERCOVER POLICE OFFICER # C0210, KINSELLA, BRUNO, JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4, JOHN DOE #5, and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK. Defendants FRIEDMAN, UNDERCOVER POLICE OFFICER # C0210, KINSELLA, BRUNO, JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4, JOHN DOE #5, and JOHN DOES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants FRIEDMAN, UNDERCOVER POLICE OFFICER # C0210, KINSELLA, BRUNO, JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4, JOHN DOE #5, and JOHN DOES are sued individually.

10. Defendants FRIEDMAN, KINSELLA, BRUNO, and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of

THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command.  Defendants FRIEDMAN, KINSELLA, BRUNO, and RICHARD ROES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants FRIEDMAN, KINSELLA, BRUNO, and RICHARD ROES are sued individually.

## STATEMENT OF FACTS

11.   On February 16, 2016, at approximately 7:30 a.m., Plaintiff was unlawfully arrested by JOHN DOES #s 1-4 (which possibly included Defendant FRIEDMAN) at her apartment at 367 Jersey Street, Apt. B, in Richmond County in the State of New York.

12. JOHN DOES #s 1-4 were, on information and belief, members of the NYPD Warrants Squad.

13. Plaintiff had heard a knock on her door, and upon opening it saw JOHN DOES #s 1-2 at her doorway.

14. JOHN DOES #s 3-4 were waiting outside of her building.

15. When Plaintiff opened the door to her home, JOHN DOES #s 1-2 stepped into her home without her permission, and without a warrant, and told her that they were there for her.

16. Plaintiff was unlawfully arrested based solely on an NYPD "i-card," which is an internal communication within the NYPD requesting that other members of the NYPD either arrest someone or seek to question someone.

17. The "i-card" was entered into the NYPD's computer system by JOHN DOE # 5 on June 25, 2015.

18. An "i-card" is not a warrant, and has never been reviewed by or signed by a judge.

19. Despite an "i-card" not being a warrant, an NYPD document called an "Alerts Sheet" calls it a warrant, and the NYPD warrants squad is deployed to unlawfully arrest people (including at their homes) based solely on "i-cards."

20. The JOHN DOES placed Plaintiff into a police van.

21. In the police van the JOHN DOES handcuffed Plaintiff by her right hand to a seat in the van.

22. The handcuffs were applied to Plaintiff with excessive and punitive tightness.

23. The JOHN DOES #s 1-4 who went with Plaintiff in the van did not loosen the handcuffs, despite Plaintiff's complaints concerning the excessive and painful tightness of the handcuffs.

24. After driving Plaintiff first to another location some

blocks away, Plaintiff was taken to the NYPD 120th Precinct.

25. At the precinct Plaintiff was taken to the Detective Squad, and placed into a cell, but not questioned.

26. Defendant KINSELLA is listed on the NYPD arrest report as the "Supervisor Approving" Plaintiff's arrest.

27. Defendant BRUNO is the Supervisor who signed, *inter alia*, the NYPD's Buy Report / Complaint Follow-Up Informational dated 5/23/15, which is also signed by UC#0210.

28. Defendant BRUNO is also signed as the approving Supervisor on, *inter alia*, the NYPD's Property Clerk Invoice concerning the controlled substance(s) allegedly purchases by UC#0210 on May 23, 2015, and which identifies the "finder(s)" as "JD [i.e., John / Jane Doe] Red Hair" whose address was purportedly "known, to the, department, NY."

29. Plaintiff was held in police custody all that day, overnight, and all the next day, and not presented to a judge for arraignment until the evening of February 17, 2016, when she was released on her own recognizance.

30. Plaintiff was charged with Criminal Sale of a Controlled Substance in the Third Degree (P.L. § 220.39(1)), Criminal Possession of a Controlled Substance in the Third Degree (P.L. § 220.16(1)), and Criminal Possession of a Controlled Substance in the Seventh Degree (P.L. § 220.03) related to an incident that allegedly occurred on May 23, 2015.

31. The Criminal Court Complaint is signed under penalty

of perjury by Defendant FRIEDMAN, who avers, *inter alia*, that he is informed by Defendant UC#0210 that on May 23, 2015 Plaintiff sold 3 zip lock bags of crack cocaine to UC#0210 in exchange for $50.

32. These allegations are lies.

33. Plaintiff did not sell crack cocaine to UC#0210 or to anyone else, on May 23, 2015, or on any other day.

34. A notice produced by the District Attorney's office during Plaintiff's prosecution stated that on the date of her arrest – February 16, 2016 – UC#0210 claimed to have identified Plaintiff by way of a photo array as the person who sold crack cocaine to UC#0210 approximately 9 months earlier, on May 23, 2015.

35. The District Attorney's office's Data Analysis Form states that the May 23, 2015 sale of crack cocaine to UC#0210 is "on video."

36. Whoever (if anyone) is depicted on a video selling crack cocaine to UC#0210, it is certainly not Plaintiff.

37. Defendant FRIEDMAN was assigned as an investigating NYPD Detective concerning the alleged May 23, 2015 drug sale on May 29, 2015, and on an NYPD "DD-5" Complaint Follow-Up Informational document authored by him he falsely identifies Plaintiff as the drug seller.

38. Plaintiff had committed no criminal acts and her arrest was without probable cause.

39. Plaintiff had to appear in court approximately five times before the false charges against her were dismissed in their entirety on September 21, 2016 by motion of the District Attorney's office.

**FIRST CLAIM**

**DEPRIVATION OF RIGHTS UNDER THE
UNITED STATES CONSTITUTION AND 42 U.S.C. §1983**

40. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

41. By their conduct and actions in unlawfully assaulting and battering plaintiff, violating rights to equal protection of plaintiff, falsely arresting plaintiff, unlawfully searching and seizing plaintiff, inflicting emotional distress upon plaintiff, maliciously prosecuting plaintiff, abusing process against plaintiff, fabricating an account and /or evidence with regard to plaintiff, violating rights to due process of plaintiff, failing to intercede on behalf of the plaintiff, and in failing to protect the plaintiff from the unjustified and unconstitutional treatment he received at the hands of other defendants, defendants FRIEDMAN, UNDERCOVER POLICE OFFICER # C0210, KINSELLA, BRUNO, JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4, JOHN DOE #5, DOES and/or ROES, acting under color of

law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

42. As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

43. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

44. By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants FRIEDMAN, KINSELLA, BRUNO, and RICHARD ROES caused damage and injury in violation of plaintiffs' rights guaranteed

under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

45. As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

### THIRD CLAIM

### LIABILITY OF DEFENDANT THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

46. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

47. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

48. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers,

and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

49.   At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the use of excessive force by members of the NYPD.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

50.   At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had <u>de facto</u> policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence."  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

51.   At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and

through the individual defendants, had <u>de facto</u> policies, practices, customs and/or usages of engaging in unconstitutional and overly aggressive stops and frisks, which are implemented disproportionately upon people of color.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

    52.  At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had <u>de facto</u> policies, practices, customs and/or usages of engaging in shoddy, deficient, and faulty identification procedures.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

    53.  At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had <u>de facto</u> policies, practices, customs and/or usages of engaging in arrests inside of people's homes without a warrant, based only on an i-card generated within the NYPD, and of otherwise treating an i-card as though it were a warrant.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

    54.  As a result of the foregoing, plaintiff was deprived

of her liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

55. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

56. The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of the defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

57. As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## **FIFTH CLAIM**

### **MALICIOUS PROSECUTION**

58. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

59. By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

60. As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

    a.   Compensatory damages;

    b.   Punitive damages;

    c.   The convening and empaneling of a jury to consider the merits of the claims herein;

    d.   Costs and interest and attorney's fees;

    e.   Such other and further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
             June 11, 2018

                                         __/S/__ Jeffrey A. Rothman__
                                         JEFFREY A. ROTHMAN, Esq.
                                         315 Broadway, Suite 200
                                         New York, New York 10007
                                         (212) 227-2980
                                         Attorney for Plaintiff